WELLS-FARGO & COMPANY'S EXPRESS ET AL. v. RANDALL WAITES ET AL.

Decided June 21, 1902.

**Appeal—Reversal on Facts—Judgment Rendered.**

Where the trial court should have instructed a verdict for appellants, the defendants below, because of the insufficiency of the evidence, the appellate court, upon reversal, will render judgment in their favor. Following Chase v. Bank, 1 Texas Civil Appeals, 595.

Appeal from Comanche. Tried below before Hon. N. R. Lindsey.

*Alexander & Thompson* and *L. B. Russell,* for appellants.

*G. H. Goodson,* for appellees.

STEPHENS, ASSOCIATE JUSTICE.—The judgment on the former appeal in this case was reversed on account of the admission in evidence of the testimony of Ike Miller, which was not introduced on the last trial. 60 S. W. Rep., 582.

We are of opinion that the judgment now appealed from must be reversed, because the evidence utterly failed to connect appellants with the wrong of Nick Keith which resulted in injury to appellee, and as the court should therefore have instructed a verdict in favor of appellants, judgment will be here rendered for them. Clapp v. Royer, 4 Texas Ct. Rep., 529; Chase v. Bank, 1 Texas Civ. App., 595, and subsequent cases.

We will not undertake to comment on the evidence further than to say that the conduct of Sherman, Taft, and Dodge, as interested witnesses, however it may have exposed them to criticism and suspicion before the jury, did not supply the requisite proof and discharge the burden which rested upon appellee to make out his case.

Reversed and rendered for appellants.

*Reversed and rendered.*